[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant's motion for summary judgment was filed with this court on October 26, 1992. The new amendment to the Practice Book Sec. 379 (please see attached copy) effective October 1, 1992, provides that "any party may move for summary judgment at any time, except that the party must obtain the court's permission to file a motion for summary judgment after the case has been placed on the assignment list or has been assigned for trial."
The present case was claimed for the trial list on August 5, 1992. The defendant failed to comply with the Practice Book Sec. 379 in not obtaining the court's permission to file a motion for summary judgment.
If that rule is to have meaning summary judgment should be denied without prejudice. The defendant is given the opportunity to file a motion with the court requesting permission to file a motion for summary judgment and if granted then thereafter the matter may be reclaimed to short calendar.
WALSH, JOHN F., J.
 Sec. 320. — Motions in Arrest of Judgment, To Set Aside Verdict or for New Trial
Motions in arrest of judgment, whether for extrinsic causes or causes apparent on the record, motions to set aside a verdict and motions for new trials, unless brought by petition served on the adverse party or parties, must be filed with the clerk within five days after the day the verdict is CT Page 11799 accepted or judgment rendered [, exclusive of such days as the clerk's office is not open]; provided that for good cause the court may extend this time. The clerk shall notify the trial judge of such filing. Such motions shall state the specific grounds upon which counsel relies.
Sec. 363A. — Where Defendant Is in Default for Failure To Plead
Where a defendant is in default for failure to plead pursuant to Sec. 114, the plaintiff may file a written motion for default which shall be acted on by the clerk upon filing, without placement on the short calendar.
If a party who has been defaulted under this section files an answer before a judgment after default has been rendered by the court the clerk shall set aside the default. If a claim for a hearing in damages or a motion for judgment has been filed the default may be set aside only by the court.
Sec. 379. — Scope of Remedy
In any action, except actions for dissolution of marriage, legal separation, or annulment of marriage, and except administrative appeals which are not enumerated in Sec. 257(d), any party may move for a summary judgment at any time, [provided that the pleadings are closed as between the parties to that motion] except that the party must obtain the court's permission to file a motion for summary judgment after the case has been placed on the assignment list or has been assigned for trial. These rules shall be applicable to counterclaims and cross complaints, so that any party may move for summary judgment upon any counterclaim or cross complaint as if it were an independent action.
 Sec. 403B. Civil Actions: Withdrawals, Dismissals, Satisfactions of Judgment
(a) The files in all civil actions, except summary process and small claims, which, before a final judgment has been rendered on the issues, have been terminated by the filing of a withdrawal or by other action or stipulation of the parties, or by a judgment dismissing the action [pursuant to Sec. 251] when the issues have not been resolved on the merits or upon motion by any party or the court, or in which judgment for money damages only has been rendered and a full satisfaction of such judgment has been filed, may be destroyed upon the expiration of five years after such termination or the rendition of such judgment.
(b) The files in dismissed or withdrawn summary process matters may be destroyed upon the expiration of one year from the date of such CT Page 11800 termination.
(c) The files in small claims matters terminated by withdrawal or dismissal [pursuant to Sec. 580] may be destroyed upon the expiration of one year from the date of such termination. The files in small claims matters terminated by a judgment for only money damages in which a full satisfaction of such judgment has been filed may be destroyed upon the expiration of three years from the date of rendition of such judgment.